UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────────────┐
│ USDC SDNY                                     │
│ DOCUMENT                                      │
│ ELECTRONICALLY FILED                          │
│ DOC #: _____                       │
│ DATE FILED: __1/21/2025__                     │
└─────────────────────────────────────────────┘
```

JORGE PARDES GUEVARA,

                                    Plaintiff,

           -against-

A&P RESTAURANT CORP., ANASTASIO
GIANNOPOULOS, and PETER
GIANNOPOULOS

                                    Defendants.

24-cv-522 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Jorge Paredes Guevara ("Plaintiff") initiated this action on January 25, 2024, asserting claims of interference with the exercise of protected rights, retaliation and discrimination under the Family and Medical Leave Act ("FMLA") pursuant to 28 U.S.C. § 1331, as well as retaliation and discrimination under New York Labor Law § 215 ("NYLL") against Defendants A&P Restaurant Corp. ("A&P"), Anastasio Giannopoulos ("Anastasio"), and Peter Giannopoulos ("Peter") (together, "Defendants").

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). For the following reasons, Defendants' Motion to Dismiss is GRANTED.

## BACKGROUND

The following facts are derived from the Complaint ("Compl.") and are taken as true and constructed in the light most favorable to the Plaintiff at this stage.

Defendants employed Plaintiff as a W2 non-exempt wage earner. (Compl. ¶ 10.) The Defendants hired Plaintiff on or around April 2021. (*Id*. ¶ 11.) Plaintiff stopped working for the Defendants on or around October 30, 2023. (*Id*. ¶ 12.) Plaintiff was specifically hired as a cook for

the Defendants. (*Id*. ¶ 13.) Plaintiff worked for the Defendants in the 2021, 2022, and 2023 calendar years. (*Id*. ¶¶ 15-17.) Plaintiff regularly worked about 55 hours per week. (*Id*. ¶ 18.) Plaintiff worked 40 weeks in 2023, 48 weeks in 2022, and 32 weeks in 2021. (*Id*. ¶¶ 19-21.) Plaintiff generally worked 5 days a week, with 2 days off. (*Id*. ¶ 22.) Plaintiff's compensation was set by an hourly basis and Plaintiff was paid on a weekly basis. (*Id*. ¶¶ 23-24.)

Defendants employed more than 50 employees while Plaintiff worked for Defendants. (*Id*. 25.) Plaintiff was employed for more than 12 consecutive months by the Defendants prior to his termination. (*Id*. ¶ 26.) Plaintiff worked more than 1,250 hours during the 12 months preceding his needing FMLA leave. (*Id*. ¶ 27.) On or about October 29, 2023, Plaintiff requested permission to leave work early due to feeling sick. (*Id*. ¶ 28.) On or about October 30, 2023, Plaintiff requested time off work as his health had worsened. (*Id* ¶ 29.) Plaintiff asserts that Defendants "became aware" of Plaintiff's need for FMLA leave when Plaintiff advised Defendants he was not feeling well and needed time to recover. (*Id*. ¶ 30.) Defendants granted Plaintiff time off work "but did not inform" Plaintiff "of his rights under the FMLA." (*Id*. ¶ 31.) Plaintiff's bronchitis incapacitated him for "a period of more than three days" and required "ongoing medical attention." (*Id*. ¶ 32.) By November 8, 2023, Plaintiff received medical attention and was diagnosed with early-stage bronchitis. (*Id*. ¶ 33.) On November 8, 2023, Plaintiff informed Defendants about his diagnosis and expressed his intention to return to work by November 11, 2023, after 2 additional days of recovery. (*Id*. ¶ 34.) That same day, Defendants advised Plaintiff that a replacement had been hired and that he was terminated. (*Id*. ¶ 35.)

Based on foregoing, Plaintiff brings claims alleging violations of the FMLA, as well as violations of NYLL § 215.

## PROCEDURAL HISTORY

On January 25, 2024, Plaintiff commenced this action against Defendants in his complaint ("the Complaint") (ECF No. 1.) On August 20, 2024, Defendants filed a motion to dismiss and their memorandum of law in support (the "Motion" or "Mot.", ECF Nos. 23 and 24.) Plaintiff filed a memorandum of law in opposition to Defendants' motion (the "Opposition" or "Opp.", ECF No. 22.) Defendants filed a reply memorandum of law in further support of their motion to dismiss (the "Reply," ECF No. 25.)

## LEGAL STANDARD

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") provides in relevant part, that a case is properly dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate it. When resolving a Rule 12(b)(1) motion for lack of lack of subject matter jurisdiction, the court may refer to evidence outside the pleadings. *See Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir.1986). Plaintiff bears the burden of demonstrating by a preponderance of the evidence that subject matter jurisdiction exists. *See Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir.1996).

### B. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. While the Court must take all material factual allegations

3

as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The Second Circuit "deem[s] a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . and documents that plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rotham v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The critical inquiry is whether the Plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Plaintiff brings claims pursuant to the FMLA, alleging interference with the exercise of protected rights, as well as retaliation and discrimination, and also brings claims pursuant to NYLL § 215, likewise alleging retaliation and discrimination. The Court will address each claim in turn.

### A. FMLA Interference Claim

To state a claim for interference with FMLA rights, a "plaintiff must establish: 1) that she is an eligible employee under the FMLA; 2) that the defendant is an employer as defined by the FMLA; 3) that she was entitled to take leave under the FMLA; 4) that she gave notice to the defendant of her intention to take leave; and 5) that she was denied benefits to which she was entitled under the FMLA." *Shultz v. Congregation Shearith Israel of City of New York*, 867 F.3d 298, 307 (2d Cir. 2017).

For an employee to be eligible for FMLA leave, an employee "must have been employed for at least twelve months by the employer from whom she is requesting leave, and she must have worked at least 1,250 hours with that employer in the twelve months prior to the beginning of her medical leave." *Arroyo-Horne v. City of New York*, 831 F. App'x 536 (2d Cir. 2020). Plaintiff's complaint avers that he worked for Defendants for several years, and that in the twelve months prior to his requesting leave under the FMLA he worked at least 1,250 hours for Defendants. (Compl. ¶¶ 26-27.) Thus, Plaintiff is clearly an "eligible employee" for the purposes of the FMLA.

Defendants, likewise, constitute an employer for the purposes of the FMLA. Defendants' sole argument against their being an employer is that payroll records attached to their motion to dismiss supposedly prove they had less than fifty employees. (Mot., p. 7.) Given that such documents are neither attached to nor incorporated by reference in the Complaint, the Court cannot consider such extraneous records at the motion to dismiss stage. *Roth v. Jennings*, 489 F. 3d 499, 509 (2d Cir. 2007). Therefore, for the purposes of the instant motion, Defendants are considered to be employers under the FMLA analysis.

Where Plaintiff's FMLA claims fall short is demonstrating that he suffered from a qualifying serious health condition under the FMLA. A "serious health condition" under the FMLA means "an illness, injury, impairment, or physical or mental health condition that involves (1) inpatient care . . . .; or (2) continuing treatment by a health care provider." 29 C.F.R. § 825.115. The FMLA constructs continuing treatment to be: "(1) [t]reatment two or more times, within 30 days of the first day of incapacity, unless extenuating circumstances exist, by a health care provider . . . (2) [t]reatment by a health care provider on at least one occasion which results in a regimen of continuing treatment under the supervision of the health care provider." *Id*.

As currently written, the Complaint does not sufficiently plead facts that would place Plaintiff's alleged early-stage bronchitis within the ambit of the FMLA's possible definitions of a "serious condition." Plaintiff first day of incapacity was October 29, 2023. (Compl. ¶ 28.) His first and only medical appointment was on November 8, 2023 – meaning Plaintiff did not receive treatment at least two or more times within 30 days of his first incapacity, as required for the first possible definition of a "serious condition." (*Id*. ¶ 33.)  Importantly, Plaintiff does not plead any extenuating circumstances that would justify only receiving treatment on one occasion. (*Id.*)

Moreover, noticeably absent from the Complaint are any factual averments that Plaintiff received a regiment of continuing treatment under his medical provider's supervision, as needed for the FMLA's second definition of a "serious condition." Even liberally construed, the Complaint's allegations undergirding Plaintiff's early-stage bronchitis do not give rise to a "serious health condition" as needed in order to state a FMLA claim. Therefore, the Court dismisses Plaintiff's FMLA interference claim without prejudice.

## B.  FMLA Retaliation and Discrimination Claims

In order to state a *prima facie* case of FMLA retaliation, a "plaintiff must establish that 1) he exercised rights protected under the FMLA; 2) he was qualified for his position; 3) he suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent." *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415 (2d Cir. 2016). An employee is similarly guaranteed that an employer will not discriminate against them for using FMLA leave. *Potenza v. City of New York*, 365 F.3d 165 (2d Cir. 2004).

Here, because the Court finds that Plaintiff did not have a "serious health condition" as needed to be protected by the FMLA, the Court further concludes that Plaintiff, by extension, could

not have been retaliated against and discriminated against for exercising rights protected by the FMLA, as Plaintiff was not within the scope of the FMLA's protections to begin with. *Dighello v. Thurston Foods, Inc.*, 307 F. Supp. 3d 5, *19 (D. Conn. 2018) (noting that where Plaintiff did not suffer from a "'serious health condition' under the FMLA, she could not have exercised rights under that statute" for the purposes of stating a FMLA retaliation claim). Therefore, the Court dismisses Plaintiff's FMLA retaliation and discrimination claims without prejudice.

## C. NYLL § 215 Retaliation and Discrimination Claims

NYLL § 215 prohibits an employer from discharging, threatening, penalizing, or otherwise discriminating against an employee who complains about a violation of the NYLL. N.Y. Lab. Law § 215(1)(a). Here, the Complaint is fatally deficient as Plaintiff does not plead that he ever complained of a violation of the NYLL. (*See generally*, Compl.); *see also Robledo v. No. 9 Parfume Leasehold,* 2013 WL 1718917 (S.D.N.Y. Apr. 9, 2013). It may be that Plaintiff may amend the Complaint to demonstrate that he complained to Defendants of a NYLL violation, but as currently written, the Complaint offers no such allegations. Accordingly, the Court dismisses Plaintiff's NYLL § 215 retaliation and discrimination claims without prejudice.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendants' motion to dismiss Plaintiff's claims in its entirety. Plaintiff's FMLA interference, retaliation and discrimination claims, and NYLL § 215 retaliation and discrimination claims are dismissed without prejudice. Plaintiff is granted leave to file an Amended Complaint (blank form attached hereto) by March 10, 2025.

Plaintiff is advised that the Amended Complaint will replace, not supplement, the Complaint, and so any claims that he wishes to pursue must be included in, or attached to, the

7

Amended Complaint. Should Plaintiff file an Amended Complaint, the Defendants are directed to answer or otherwise respond by March 31, 2025, and the parties are directed to confer, complete and file a Case Management Plan and Scheduling Order (blank form attached) by April 28, 2025. If Plaintiff fails to file an Amended Complaint within the time allowed, those claims that were dismissed without prejudice shall be deemed dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 23.

Dated:    January 21, 2025                             SO ORDERED:
          White Plains, New York

                                    _____
                                         NELSON S. ROMÁN
                                      United States District Judge

UNITED STATES DISTRICT COURT                              Rev. May 2014
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

                                                    **CIVIL CASE DISCOVERY PLAN**
                              Plaintiff(s),          **AND SCHEDULING ORDER**

          - against -


                              Defendant(s).          _____ CV _____ (NSR)


-------------------------------------------------------------x

        This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with
counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

    1.    All parties [consent] [do not consent] to conducting all further proceedings before
          a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).
          The parties are free to withhold consent without adverse substantive consequences.
          (If all parties consent, the remaining paragraphs of this form need not be
          completed.)

    2.    This case [is] [is not] to be tried to a jury.

    3.    Joinder of additional parties must be accomplished by _____.

    4.    Amended pleadings may be filed until _____. Any party
          seeking to amend its pleadings after that date must seek leave of court via motion.

    5.    Interrogatories shall be served no later than _____, and responses
          thereto shall be served within thirty (30) days thereafter.  The provisions of Local
          Civil Rule 33.3 [shall] [shall not] apply to this case.

    6.    First request for production of documents, if any, shall be served no later than
          _____.

    7.    Non-expert depositions shall be completed by _____.

          a.    Unless counsel agree otherwise or the Court so orders, depositions shall not
                be held until all parties have responded to any first requests for production
                of documents.

          b.    Depositions shall proceed concurrently.

          c.    Whenever possible, unless counsel agree otherwise or the Court so orders,

non-party depositions shall follow party depositions.

8.   Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9.   Requests to Admit, if any, shall be served no later than _____.

10.  Expert reports shall be served no later than _____.

11.  Rebuttal expert reports shall be served no later than _____.

12.  Expert depositions shall be completed by _____.

13.  Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14.  **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15.  Any motions shall be filed in accordance with the Court's Individual Practices.

16.  This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17.  The Magistrate Judge assigned to this case is the Hon. _____.

18.  If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19.  The next case management conference is scheduled for _____, at _____. (The Court will set this date at the initial conference.)


SO ORDERED.

Dated: White Plains, New York
        _____


                                        _____
                                        Nelson S. Román, U.S. District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

**COMPLAINT**

Do you want a jury trial?
   ☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                    Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                          Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 2:

First Name                    Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 3:

First Name                    Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 4:

First Name                    Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.     RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____